FILED

**NOT FOR PUBLICATION**

FEB 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND A. ROLES,

               Plaintiff - Appellant,

   v.

MELODEE ARMFIELD,

               Defendant - Appellee.

No. 14-35056

D.C. No. 1:12-cv-00363-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

    Idaho state prisoner Raymond A. Roles appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a violation of his

right to due process in connection with a disciplinary hearing.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cholla Ready Mix, Inc.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on the basis of a statute of limitations); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Roles's due process claim as barred by the statute of limitations because Roles filed this action more than two years after his claim against defendant Armfield arose. *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury claims); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is when the plaintiff knows or has reason to know of the injury which is the basis of the action). We reject Roles's arguments concerning accrual and the continuing violation doctrine.

The district court did not abuse its discretion by denying Roles's motion for relief from judgment because Roles failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 60(b)).

**AFFIRMED.**

14-35056